UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID EDWIN PLANK,<br><br>                              Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                              Defendants. | Case No. 2:12-cv-02205-JCM-PAL<br><br>ORDER<br><br>(Mot Ext Disc – Dkt. #30) |

Before the court is Plaintiff's Motion to Extend Discovery (Fourth Request) (Dkt. #30). The motion was filed March 6, 2015, the last date to complete discovery after three extensions.

The court's order approving the parties' third stipulated extension indicated that no further extensions would be allowed. *See* Order (Dkt. #28) entered October 2, 2014. Plaintiff seeks an extension from March 6, 2015, until April 20, 2015, to complete discovery. Plaintiff still needs to depose two officers involved in the incident giving rise to his complaint, Officer McIntyre and Officer Swanbeck. Officer Swanbeck lives on the east coast and will need to be subpoenaed for his deposition. Additionally, Plaintiff seeks to propound additional written discovery to Defendant Mayoral as a result of information learned from his deposition. Finally, Plaintiff states that the parties still need to depose experts and rebuttal experts. Like the prior stipulations to extend the discovery cutoff the motion states that the "recitation of discovery to be completed is not intended to be limiting, but is set forth to advise the Court of remaining discovery."

The Complaint (Dkt. #1) in this case was filed December 28, 2012. The parties have requested and received three extension of the discovery plan and scheduling order deadlines after requesting and receiving a stay of discovery while the underlying criminal case was resolved. The initial Discovery Plan and Scheduling Order (Dkt. #22) was entered January 13, 2014, and

1

established a July 7, 2014, discovery cutoff.  The court granted the parties' first request to extend the discovery in an Order (Dkt. #24) entered May 8, 2014, granting the parties a 90-day extension until October 6, 2014.  The court granted a second 90-day extension of the discovery plan cutoff July 18, 2014, and extended the discovery cutoff until January 5, 2015.  The parties submitted their third request to extend the discovery deadlines September 29, 2014 (Dkt. #27).  The only additional discovery that the parties had completed between the second extension and the third extension was scheduling Defendant Mayoral's deposition.  The parties' third request indicated that the discovery remaining consisted of Plaintiff deposing Officers McIntyre and Swanbeck, disclosing and deposing experts and rebuttal experts, and "receiving information for twelve local hotels."

The parties have had more than 14 months to complete discovery after the stay they requested was lifted. As indicated, the court granted the parties' third extension indicating no further extensions would be allowed.  Since then, the only discovery that has been completed is Plaintiff's production of his expert disclosure, Defendant Mayoral's production of his expert disclosure, and Plaintiff's rebuttal expert disclosure.  Defendant Mayoral was deposed November 7, 2014, and Plaintiff provides no explanation for his failure to serve additional written discovery he alleges became necessary after deposing Mayoral four months earlier.  No explanation is provided why the parties have not scheduled depositions of their experts and rebuttal expert.  Under these circumstances, the court finds that Plaintiff has not established good cause or excusable neglect for a fourth extension of the discovery plan and scheduling order deadlines.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Discovery (Dkt. #30) is **DENIED**.

DATED this 13th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE