UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID EDWIN PLANK,

Plaintiff(s),

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.

Defendant(s).

Case No. 2:12-CV-2205 JCM (PAL)

ORDER

Presently before the court is defendants Las Vegas Metropolitan Police Department ("LVMPD") and LVMPD Officer Brad Mayoral's motion for summary judgment. (Doc. # 36). Plaintiff David Edwin Plank filed a response (doc. # 43), and defendants filed replies. (Doc. ## 45, 47).[1]

I.      **Background**

This is an action for civil rights violations and related tort claims filed under 42 U.S.C. § 1983. Plaintiff's complaint alleges four causes of action: (1) a § 1983 claim against defendant Mayoral for violations of his Fourth and Fourteenth Amendment rights; (2) a § 1983 claim against LVMPD for failing to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Officer Mayoral; (3) an intentional infliction of emotional distress claim against Mayoral; and (4) assault, battery, and negligence claims against Mayoral and LVMPD.

On January 3, 2011, Mr. Plank was arrested by LVMPD officers at an IHOP parking lot near the intersection of Boulder Highway and Flamingo Road in Clark County, Nevada. (Doc. # 36). Plaintiff was handcuffed and transported to the Clark County Detention Center ("CCDC"). (Doc. # 43). Defendant Mayoral transported Plank from the scene of the arrest to CCDC. (*Id.*)

_____

[1] Defendant LVMPD filed a motion for summary judgment on its own behalf. (Doc. # 36). Defendant Mayoral then filed a joinder to that motion. (Doc. # 42). The defendants filed separate replies to plaintiff's opposition, docketed as a reply and a joinder to the reply. (Doc. ## 45, 47).

James C. Mahan
U.S. District Judge

Officer Mayoral testified that he believed that plaintiff was mentally ill at the time he was transporting him. (Doc. # 43-3 at 10). When Mayoral arrived at CCDC with Plank, the plaintiff resisted removal from the officer's vehicle. (*Id.* at 13). Mayoral maintains that Plank kicked and spat at him and held onto one of the vehicle's seat belts to prevent Mayoral from removing him. (*Id.*) Mayoral did not make a "Code 5" call for assistance from CCDC personnel in removing Plank from the car.

After some struggle, Mayoral was able to remove Plank from the vehicle feet first and had plaintiff on his feet outside the vehicle. (*Id.* at 14). As plaintiff continued to struggle, Mayoral took him from his feet to the ground. (*Id.*) Plaintiff alleges that Mayoral used excessive force while removing him from the vehicle, resulting in head injury. (*Id.*)

When plaintiff was booked into CCDC, he was suffering from injuries. (Doc. # 43). Plaintiff filed a complaint with LVMPD's Internal Affairs Bureau ("IAB") on March 14, 2011.[2] (Doc. # 36). IAB conducted an investigation into the allegations contained in Mr. Plank's complaint. (*Id.*) IAB eventually sustained the complaint based on its findings that Officer Mayoral violated policies on critical procedures at the jail, care of prisoners, and use of force. (*Id.*) LVMPD then terminated his employment. (*Id.*) Mayoral appealed the termination, which was upheld. (*Id.*)

Defendant LVMPD argues that it is entitled to summary judgment on plaintiff's federal claims for violation of his civil rights. It argues that plaintiff has failed to present evidence of (a) an official or *de facto* policy of excessive force; (b) deliberate indifference to plaintiff's rights with respect to its training practices; or (c) deliberate indifference with respect to its hiring practices. LVMPD contends that plaintiff cannot therefore sustain a *Monell*[3] claim against it. LVMPD contends that it is protected by discretionary function immunity pursuant to NRS 41.032 for all of plaintiff's state law claims. Finally, LVMPD argues that the battery claim is subsumed by the § 1983 claim, the negligence claim is supported by facts contrary to the allegations of intentional misconduct, and plaintiff's expert's opinion is inconsistent with department negligence.

Defendant Mayoral argues he is entitled to summary judgment on plaintiff's § 1983 claim against him because the doctrine of qualified immunity protects him from liability under § 1983.

---

[2] The IAB is responsible for investigating criminal complaints and making recommendations regarding policy violations. (Doc. # 36).

[3] *Monell v. Dept. of Social Service*, 463 U.S. 658, 690–91 (1978).

James C. Mahan
U.S. District Judge

- 2 -

Mayoral adopts LVMPD's arguments with respect to the substance of the state law claims, arguing that the battery claim is subsumed by the excessive force claim and that plaintiff cannot sustain a *prima facie* case for negligence.

Plaintiff argues that summary judgment in favor of defendants is not appropriate on any of his claims. Plaintiff argues first that claims based on violations of constitutional rights are often not appropriate for summary judgment because of the fact-intensive nature of the required determinations. Plank also contends that Mayoral's joinder to LVMPD's motion is procedurally deficient and raises issues which were not raised in LVMPD's motion.

Substantively, plaintiff argues that whether Mayoral's use of force was reasonable under the circumstances is a factual determination appropriate for a jury. Further, Mr. Plank contends that Mayoral is not entitled to qualified immunity because Mayoral violated plaintiff's clearly established constitutional rights.  Plaintiff argues that a jury could find that LVMPD employs a *de facto* policy and culture of "street justice" with respect to unruly detainees and suspects with deliberate indifference to the individuals' rights, sustaining a *Monell* claim.  He argues that defendants are not entitled to discretionary immunity on the state law claims and that Mr. Mayoral is not entitled to qualified immunity on the excessive force claim. Finally, Plank argues that he has provided evidence sufficient to create genuine issues of material fact on his state law claims for assault, battery, and negligence.

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

James C. Mahan
U.S. District Judge

- 3 -

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

The court will address plaintiff's federal claims against Officer Mayoral and the LVMPD in turn. The analysis will then turn to plaintiff's state law claims.

   *A.      Plaintiff's § 1983 claim for excessive use of force against Officer Mayoral*

Plank bases his § 1983 claim against Mayoral on allegations that Mayoral violated his rights by using excessive force in transporting him to CCDC. Plaintiff offers evidence from Officer

Mayoral's deposition to support the claim. (*See* doc. ## 36-1 at 41−75; 43-3). During the deposition, Mayoral conceded that: (a) "[he] pulled [Plank] up . . . so he was standing before [he] put [Plank] on the ground" (doc. # 36-1 at 67); (b) once Plank was in handcuffs in the back of the car, Mayoral did not consider him to be a threat (doc. # 43-3 at 12); (c) even as Mayoral removed Plank from the vehicle at CCDC, he did not feel that Plank posed a danger to him (doc. # 36-1 at 65); (d) after Plank continued to struggle after removal, he forcefully "put him on the ground" (*id.* at 67); and (e) "[LVMPD] determined that [Mayoral] caused [the] injury." (Doc. # 43-3 at 16). Mr. Mayoral also concedes that, at that time of the alleged conduct, he believed the plaintiff was mentally ill. (*See* doc. # 43-3 at 11).[4] There is no evidence, however, that he was aware of plaintiff's specific condition or that plaintiff was suffering a manic episode.

Officer Mayoral argues that he is entitled to summary judgment on the excessive force claim because he is entitled to qualified immunity. When a plaintiff brings a claim under 42 U.S.C. § 1983, government officials sued in their individual capacities may raise the affirmative defense of qualified immunity. *See Spoklie v. Montana,* 411 F.3d 1051, 1060 (9th Cir. 2005); *see also Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1058 (D. Nev. 2013).

Qualified immunity "balances two important interest—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It protects government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson*, 555 U.S. at 244. Qualified immunity may apply even if the defendant makes a mistake of law or acts based upon a mistake of fact. *Id.* at 231

Deciding whether an officer is entitled to qualified immunity is a two-step inquiry. First, the court assesses whether the plaintiff has alleged or shown a violation of a constitutional right.

---

[4] Plank argues that Officer Mayoral's joinder (doc. # 43) to LVMPD's motion (doc. # 36) is procedurally deficient because it raises new arguments and, therefore, asks the court to disregard it. Mayoral's joinder was timely filed according to the parties' stipulation for an extension of time for summary judgment motions and joinders. Whether the court construes the filing as Mayoral's own motion or a joinder, it is timely. The court has therefore considered the arguments it contains.

James C. Mahan
U.S. District Judge

- 5 -

Second, the court decides whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 232. The Supreme Court has instructed that district judges may use their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue. *See id.* at 236.

The court will turn first to the second prong of the qualified immunity test and determine whether the right plaintiff claims was violated was "clearly established." *See Pearson,* 555 U.S. at 236. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The dispositive question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*

In *Saucier,* the Court was evaluating the clearly established standard in the same context as this case—excessive force. The Court reasoned:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.

*Id.* Later, in *Ashcroft v. al-Kidd*, the Court further emphasized that lower courts should *not* define "clearly established" law at a high level of generality. *Ashcroft*, 131 S. Ct. 2074, 2084 (2011). "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of the particular conduct is clearly established." *Id.* In the Ninth Circuit, a court begins its inquiry of whether a right is clearly established by looking to binding precedent on the allegedly violated right. *Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004).

Here, Plank bases his § 1983 claim on allegations that Mayoral violated his rights by using excessive force in transporting him to CCDC. The three-factor test for determining whether a use of force was excessive or reasonable under "established" law is laid out in the case *Graham v. Connor. See* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Under *Graham*, courts must give "careful attention to the facts and circumstances of each particular case, including [i] the severity of the crime at issue, [ii] whether the suspect poses an immediate threat to the safety

of the officers or others, and [iii] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 394–95. The three *Graham* factors create a fluid standard for what a reasonable amount of force is. The determination turns on both the conduct of the suspect or arrestee, as well as the circumstances surrounding his arrest. *See id.*

In his opposition, Mr. Plank emphasizes the fact that he is mentally ill and that Officer Mayoral knew that to be the case at the time of the alleged conduct. (*See* doc. # 36). Some Ninth Circuit cases have considered the emotional and psychological condition of the victim as relevant factors in determining whether the force employed by an officer was objectively unreasonable. *See, e.g.*, *Bryan v. MacPherson*, 630 F.3d 805, 829 (9th Cir. 2010). The Ninth Circuit has expressly refused, however, to create two tracks of excessive force analysis, one for the mentally ill and one for serious criminals. *Id.* (*citing Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001)). Nevertheless, Ninth Circuit courts have indulged in drawing distinctions between the state's "interest in deploying force to detain [an emotionally disturbed individual who is 'acting out']" and "its interest in deploying that force to apprehend a dangerous criminal." *Id.*

Viewing the facts in this case in the light most favorable to plaintiff, his right to be secure against an unreasonable use of force under the circumstances is not "clearly established." Here, Officer Mayoral slammed the plaintiff—who was already in custody at the time—to the ground while he struggled to remove the recalcitrant plaintiff from the police vehicle.  The use of force resulted in injuries. Although the law on excessive force is settled under *Graham*, it is settled only at a high level of generality. *See Graham*, 490 U.S. at 394–95. The court finds that it would not be clear to a reasonable officer that Mayoral's conduct was unlawful in the situation that he confronted. *See Saucier*, 533 U.S. at 202. Particularly in light of the Ninth Circuit's inconsistent application of the excessive force doctrine in cases involving mentally ill plaintiffs, the contours of Plank's right are not "sufficiently clear that a reasonable official would understand that [Officer Mayoral's conduct] violates that right." *Id.*

Plaintiff's right was not clearly established at the time of the alleged misconduct. *See Pearson*, 555 U.S. at 232. Having resolved the second prong of the qualified immunity inquiry in Officer Mayoral's favor, the court does not need to determine whether the constitutional right was violated under the first prong. *Id.* The qualified immunity doctrine shields Officer Mayoral from liability under for monetary damages under § 1983, and he is entitled to summary judgment on that claim.

James C. Mahan
U.S. District Judge

- 7 -

B.      *Plaintiff's claims for official capacity liability against LVMPD*

Defendant LVMPD argues that it is entitled to summary judgment on Plank's federal claims against it because plaintiff has failed to establish municipal liability for Officer Mayoral's allegedly unconstitutional conduct. LVMPD argues that plaintiff cannot make a showing sufficient to establish the elements of a municipal liability claim. It contends that Plank cannot produce evidence of (i) a deliberately indifferent policy or custom; (ii) inadequate training of LVMPD's officers; or (iii) inadequate hiring. (Doc. # 36 at 11–20). Defendant offers evidence of its hiring policies, its training policies, and its response to plaintiff's IAB complaint against defendant Mayoral. (*See* doc. # 36-1 at 125–149).

In his opposition, plaintiff offers arguments in support of his *Monell* claim only. To defeat a motion for summary judgment on a *Monell* claim, a plaintiff must show that a genuine issue of material fact exists with respect to a defendant's unconstitutional policy or custom. *See Monell*, 436 U.S. at 690–91. Plaintiff argues that a genuine issue of material fact exists concerning whether LVMPD has a *de facto* policy of "street justice," in which its officers use excessive force on individuals that the officers perceive to have disrespected their authority.

The principal framework governing municipal liability in § 1983 actions was established in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, municipal liability must be based upon the enforcement of a municipal policy or custom, not upon the mere employment of a constitutional tortfeasor. *Id.* at 691. Therefore, in order for liability to attach, four conditions must be satisfied: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

To prevent "municipal liability [from] collaps[ing] into respondeat superior liability," federal courts must apply "rigorous standards of culpability and causation" in order to "ensure that the municipality is not held liable solely for the actions of its employees." *Board of County Comm. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997). Thus, a municipality will only be liable when the "execution of the government's policy or custom . . . inflicts the injury." *Monell*, 463 U.S. at 694.

Defendant LVMPD has demonstrated that plaintiff has failed to make a showing sufficient to establish the element essential to its § 1983 claim. *See Celotex*, 477 U.S. at 323–24; (Doc. #

36). LVMPD argues convincingly that plaintiff has not offered evidence that sufficiently shows that LVMPD has a policy, *de facto* or official, that allows or encourages its officers to use "street justice," or any other excessive use of force, when faced with a lack of respect. Plaintiff also fails to demonstrate any connection between the supposed policy and the conduct alleged in this action. The court cannot therefore draw an inference that the policy is the "moving force behind the [alleged] constitutional violation. *See Van Ort*, 92 F.3d at 835.

Plaintiff fails to sustain its burden of establishing that a genuine issue of material fact exists with respect to the existence of a policy or the relationship of such a policy to the conduct here. In his opposition, Plank argues that "the fact that Mr. Plank was violently thrown to the ground, and caused to suffered closed head injuries, could lead a reasonable juror to infer that such a *de facto* policy existed due to the egregious conduct of [ ] Defendant Mayoral." (Doc. # 43 at 8).

The court disagrees. "Proof of random acts or isolated events" does not fit within the meaning of custom in the *Monell* context. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (overruled on other grounds by *Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010)). Indeed, "[o]nly if a plaintiff shows that his injury resulted from a "permanent and well-settled" practice may liability attach for injury resulting from a local government custom." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 168 (1970) ("a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well-settled as to constitute a custom or usage with the force of law").

It is well settled in the Ninth Circuit that a plaintiff cannot establish a *de facto* policy with a single constitutional violation. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, the plaintiff's theory must be founded upon practices of "sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also McDade v. West*, 223 F.3d 1135 (9th Cir. 2000).

Plaintiff offers no evidence of other violations of constitutional rights by LVMPD or its officers. (*See* doc. # 43 at 7–8). The only evidence plaintiff offers in support of its entire opposition, in fact, is the deposition of Plank, the deposition of Mayoral, and its expert's report on excessive force. None of that evidence contains any proof or even allegations that demonstrate a 'widespread,' 'permanent,' 'consistent,' or 'well-settled' practice of LVMPD. Plaintiff has not shown that a genuine issue of material fact with respect to the existence of a *de facto* custom or

James C. Mahan
U.S. District Judge

policy exists. As a matter of law, no reasonable juror could infer the existence of such a policy from the conduct of Officer Mayoral, even assuming *arguendo* that it was unconstitutional. Accordingly, summary judgment will be granted in favor of defendant LVMPD on plaintiff's municipal liability claims.

> C.    *Plaintiff's state law claims*

Plank brings claims for intentional infliction of emotional distress against Officer Mayoral and claims for battery and negligence against Mayoral and LVMPD under Nevada law.[5] LVMPD argues that the defendants are shielded from liability by the principle of discretionary immunity, codified by Nevada Revised Statute ("NRS") § 41.032. Alternatively, LVMPD argues that the battery claim is subsumed by the § 1983 excessive force claim because it is duplicative, redundant, or superfluous. Defendant asserts that the negligence claim is contrary to plaintiff's allegations of intentional misconduct and that Plank has failed to sufficiently show negligence on behalf of Mayoral. Therefore, no employer liability exists with respect to LVMPD. LVMPD posits that summary judgment in its favor is therefore warranted on the state law claims. Officer Mayoral incorporates LVMPD's arguments into his joinder to LVMPD's motion by reference. (Doc. # 42 at 1).

> **i.    Discretionary immunity**

Nevada has waived its general state immunity under Nevada Revised Statute ("NRS") § 41.031.  The state's waiver of immunity is not absolute, and it has retained a "discretionary-function" immunity for officials exercising policy-related or discretionary acts.  *See* Nev. Rev. Stat. § 41.032.[6]

In 2007, the Nevada Supreme Court adopted the United States Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity.  *See Martinez v. Maruszczak*, 168 P.3d 720, 722, 728-29 (Nev. 2007).  Under Nevada law, state actors are entitled to discretionary-function immunity under NRS § 41.032 if their decision "(1) involve[s] an element of individual

---

[5] The court has original jurisdiction over the state law claims under 28 U.S.C. § 1332. According to the complaint (doc. # 1), plaintiff is a resident of the state of Texas. Defendants are citizens of Nevada for purposes of diversity jurisdiction. Plaintiff alleges he is entitled to damages of over $75,000 on each claim.

[6] NRS 41.032 states in relevant part that no action may be brought against a state officer or official which is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary-function or duty on the part of the State or any of its agencies or political subdivisions . . . whether or not the discretion involved is abused."  Nev. Rev. Stat. § 41.032(2).

James C. Mahan
U.S. District Judge

judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Id.* at 729 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Federal courts applying the *Berkovitz-Gaubert* test "must assess cases on their facts, keeping in mind Congress' purpose in enacting the exception: "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *See id.* at 729 (quoting *Varig Airlines*, 467 U.S. at 814).

Police officers "exercise[ ] discretion and [are] thus generally immune from suit where the act at issue requires 'personal deliberation, decision, and judgment,' rather than 'obedience to orders, or the performance of a duty in which the officer is left no choice of his own.'" *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014) (citing *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007)). Acts which violate the Constitution are not discretionary. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1061 (D. Nev. 2013).

Immunity attaches under the second criterion "if the injury-producing conduct is an integral part of governmental policy-making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the legislative or executive branch's power or responsibility would be usurped." *Martinez*, 168 P.3d at 729. The trial court does not determine a police officer's "subjective intent in exercising the discretion conferred by statute or regulation, but [rather focuses] on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 728 (quoting *United States v. Gaubert,* 499 U.S. 315, 325 (1991)). Therefore, to satisfy the second criterion, the court need not consider whether officer Mayoral "made a conscious decision regarding policy considerations." *Martinez*, 168 P.3d at 728.

LVMPD cites to several Ninth Circuit and Nevada opinions finding that decisions police officers make in the course of doing their jobs qualify for discretionary immunity. *See, e.g.*, *Maturi v. Las Vegas Metro. Police Dep't*, 110 Nev. 307, 310 (Nev. 1994); (*see* doc. # 36 at 21–24). These decisions, however, were all decided before the Nevada Supreme Court issued its opinion in *Martinez* adopting the U.S. Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity. Since *Martinez*, federal courts applying Nevada law have been reluctant to grant discretionary immunity to police officers accused of using excessive force. *See, e.g.*, *Huff v. N. Las Vegas Police Dep't*, No. 2:10-CV-01394-PMP, 2013 WL 6839421, at *1 (D. Nev. Dec. 23, 2013).

James C. Mahan
U.S. District Judge

- 11 -

### a.    *Officer Mayoral*

With respect to the first prong of the *Martinez* test, Defendant Mayoral's decisions regarding the amount of force necessary under the circumstances are discretionary acts. The decisions involve elements of individual judgment and choice. Evaluating how much force is necessary at any given moment involves examining the totality of the circumstances and making moment-to-moment decisions in a rapidly evolving situation. *See Graham*, 490 U.S. at 394–95. Mayoral's decisions were therefore discretionary in nature.

The court concludes, however, that Officer Mayoral's conduct does not meet the requirements of the second prong of the test. His decision about the appropriate degree of force to use did not involve any social, economic, or policy considerations within the meaning of *Martinez*. *See* 168 P.3d at 728. Decisions about use of force are driven by Constitutional considerations and involve the use of ordinary judgment by the officer, not policy decisions. Further, the level or degree of force that officers choose to use on a case by case basis is not an integral part of governmental policy-making or planning. Imposing liability on officers who exceed the permissible use of force will not jeopardize the quality of the governmental process.

### b.    *LVMPD*

With respect to plaintiffs' claims against defendant LVMPD, this court, relying on guidance from the Ninth Circuit, has specifically held that Nevada's discretionary-function immunity statute, NRS § 41.032(2), bars claims for negligent hiring, training, and supervision. *See Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 51 F. Supp. 3d 999, 1013 (D. Nev. 2014); *Beckwith v. Pool*, case no. 2:13-cv-125-JCM-NJK, 2013 WL 3049070, *5-6 (D. Nev. June 17, 2013); *Cherry v. CCSD et al.*, case no. 2:11-cv-1783-JCM-GWF (D. Nev. Apr. 22, 2014); *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008) ("Because Nevada looks to federal case law to determine the scope of discretionary-function immunity, and because federal case law consistently holds training and supervision are acts entitled to such immunity, LVMPD is entitled to discretionary immunity on this claim.").

Discretionary-function immunity, therefore, applies to the LVMPD with respect to the state battery and negligence claims. Summary judgment will therefore be granted in favor of defendant LVMPD with respect to Plank's state law claims of battery and negligence.

James C. Mahan
U.S. District Judge

ii.     **Intentional infliction of emotional distress claim against Mayoral**

To establish a cause of action for intentional infliction of emotional distress under Nevada law, a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev.2000). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev.1998) (quotation omitted). "Liability for emotional distress generally does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Burns v. Mayer*, 175 F.Supp.2d 1259, 1268 (D.Nev.2001) (quotations omitted). To establish severe emotional distress, the plaintiff must demonstrate that "the stress [is] so severe and of such intensity that no reasonable person could be expected to endure it." *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911 (D.Nev.1993).

Plaintiff has failed to present evidence or argument that he suffered extreme emotional distress as a result of the incident. The court will therefore grant summary judgment in favor of defendant Mayoral on plaintiff's intentional infliction of emotional distress claim.

iii.    **Assault and battery claims against Mayoral**

Plaintiff argues that Officer Mayoral unlawfully assaulted and battered Mr. Plank. Defendant seeks summary judgment on this claim by arguing that Officer Mayoral's use of force was reasonable, or in the alternative, that plaintiffs' battery claim should be dismissed because it is duplicative of plaintiffs' 42 U.S.C. § 1983 claim.

Under Nevada law, a police officer is privileged to use the amount of force reasonably necessary. *See Yada v. Simpson,* 913 P.2d 1261, 1262 (Nev. 1996), *superseded by statute on other grounds as recognized by RTTC Commc'n, LLC v. Saratoga Flier, Inc.,* 110 P.3d 24, 29 (Nev. 2005). An officer who uses more force than is reasonably necessary is liable for battery. *See Yada,* 913 P.2d at 1262; *see also Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996) (applying Nevada law). Therefore, the standard for battery by a police officer under Nevada law is the same as under a 42 U.S.C. § 1983 claim.

Here, the court has granted summary judgment in favor of defendant Mayoral on the §1983 claim because it found that the law regarding the use of force under these circumstances was not clearly established for purposes of qualified immunity analysis. Because the court found that

**James C. Mahan**
**U.S. District Judge**

- 13 -

Mayoral was entitled to qualified immunity based on the fact that a reasonable officer would not *know* that the alleged conduct was contrary to clearly established law, it never reached the issue of whether the conduct actually *was* contrary to clearly established law.

The court finds that genuine issues of material fact exist with respect to the reasonableness, and therefore lawfulness, of the force used by Mayoral. For instance, the evidence creates a genuine issue with respect to whether and the extent to which Plank was resisting Mayoral's efforts to remove Plank from the police vehicle. In addition, plaintiff has offered an expert opinion that Mayoral's use of force *was* excessive, which defendant objects to. Finally, the IAB investigation concluded that Mayoral *had* violated department policy with respect to the alleged conduct. Summary judgment on plaintiff's assault and battery claims against Mayoral will therefore be denied, and plaintiff will proceed on those claims.

### iv.    Negligence

To prevail on a claim for negligence, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and, (4) the plaintiff suffered damages. *Scialabba v. Brandise Const. Co.*, Inc., 921 P.2d 928, 930 (Nev. 1996). The issues of proximate cause and reasonableness usually present questions of fact for the jury. *Harrington v. Syufy Enters.*, 113 Nev. 246 (Nev. 1997).

"Whether a defendant owes a plaintiff a duty of care is a question of law." *Id.*  Police officers unquestionably owe a duty of care to the general public.  A genuine issue of material fact exists regarding whether Mayoral properly and adequately assessed the need to use the level of force he used against Plank, as described above with respect to the battery claim. Furthermore, a reasonable jury could find that Plank's decision not to call for help from other officers at CCDC was not reasonable. The court must deny Mayoral's motion for summary judgment on Plank's negligence claim.

### IV.    Conclusion

With respect to defendant LVMPD, the court found that plaintiff failed to offer evidence supporting the required elements of a *Monell* claim under any theory of municipal liability. The court then concluded that LVMPD is entitled to discretionary immunity with respect to plaintiff's state law claims. Summary judgment will thus be granted in favor of LVMPD on all claims— federal or state—against it.

James C. Mahan
U.S. District Judge

The court found that Office Mayoral was entitled to qualified immunity with respect to plaintiff's § 1983 claim for use of excessive force. Summary judgment will therefore be granted in his favor with respect to the federal claim against him. Officer Mayoral is *not*, however, entitled to discretionary immunity from liability under state law tort claims. Because genuine issues of material fact exist with respect to plaintiff's claims for assault, battery, and negligence, summary judgment will be denied with respect to those claims against Mayoral. Plaintiff has failed to offer any evidence that he suffered from emotional distress after his encounter with Officer Mayoral though, so summary judgment will be granted on plaintiff's intentional infliction of emotion distress claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Las Vegas Metropolitan Police Department and Officer Brad Mayoral's motion for summary judgment (doc. # 36) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 14, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 15 -